IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| JOE JOHNSON | § |
| | § |
| Plaintiff, | § |
| | § |
| Vs. | § CIVIL NO. 23-cv-702-DKC |
| | § |
| WESTLAKE SERVICES, LLC | § |
| | § |
| Defendant. | § |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF
<u>MOTION TO REMAND TO STATE COURT</u>**

Plaintiff, Joe Johnson, pursuant to the Federal Rules of Civil Procedure, files this Reply Brief in Support of his Motion to Remand to State Court, (the "Motion"), **[ECF No. 12]**, and says:

1. On March 14, 2023, Defendant Westlake Services, LLC ("Westlake") removed this State Court action from the Circuit Court for Prince George's County, Maryland on the purported basis of diversity jurisdiction without any objective reasonable basis for doing so. *Id*. at, 21.

2. On March 27, 2023, Plaintiff moved to remand this State Court Action on the ground that the notice of removal was untimely filed, Westlake had waived the right to removal and its removal notice was defective and, this Court otherwise lacked federal diversity removal jurisdiction over this action. Plaintiff requested that the Court remand the action and require the Defendant to pay just costs and any actual expenses, including, any attorney fees incurred, as a result of the improper removal and having to seek this remand. *Id*. at 4-22.

3. Defendant failed to respond to the Standing Order 2021-13 or to the Motion, however, after the Court directed it to either promptly file responses or advise the court if no responses would be filed, and without identifying the citizenship of its LLC members, including the states of citizenship for corporate members, **ECF No. 15**, on April 11, 2023, at 10:00 PM, Westlake filed a response in which it conceded to the Plaintiff's motion, **ECF No. 16**, but requested that this Court "remand this action back to the Circuit Court for Prince George's County, Maryland with each party to bear its own attorneys' fees and costs with respect to the removal and subsequent remand of the action." *Id*. at 3.

4. In reply, Plaintiff states that this action was never removable in the first place, and Westlake had no objective reasonable basis for seeking removal in that the removal was untimely and there were no basis for invoking federal diversity removal jurisdiction. Specifically, Westlake was served with the First Amended Complaint on January 30, 2023, and it did not specify damages other than compensatory and punitive damages in the court's discretion. **ECF No. 4**. Therefore, it raised the possibility of damages that were in excess of $75,000, and by their own argument as to the possibility of damages exceeding $75,000, **ECF No. 7**, Westlake should have removed within 30 days of the filing of the First Amended Complaint, but yet, it did not do so and it had no "subjective good faith" basis for doing so on March 14, 2023.

5. Similarly, while Westlake claimed that the Court had diversity removal jurisdiction, however, the initial and amened complaints alleged no more than $30,000 in damages plus punitive damages in the court's discretion, which was far less than the amount required for Defendant to invoke federal diversity removal jurisdiction. Plaintiff has never contended nor represented that his $1,000.00 settlement demand was in any way representative of the value of his claims, nor does he do so now. Westlake was fully aware of that demand at the time of removal.

6. Furthermore, and by its very own admission, **ECF No. 1**, n.1, there was *not* complete diversity amongst the parties *at the time of filing,* which was a prerequisite to federal diversity removal jurisdiction. Westlake thus had no "subjective good faith" basis for removal of this action based on federal diversity removal jurisdiction neither. In fact, it did not even attempt to justify the removal of this action in its response to the Motion; instead, it conceded that removal was improper and consents to the action being remanded. **ECF No. 16**, at 2.

7. Westlake knew that this State Court action was never removable in the first place, but it removed it anyway, which has done nothing more than impose additional unnecessary costs on both parties, and waste unnecessary judicial resources and cause unnecessary delay of the resolution of this case in State Court, and assessing costs and fees for the improper removal would reduce the attractiveness of removal as a tactic for delaying litigation and imposing unnecessary costs on the parties. *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 140 (2005).

8. For all these reasons and those stated in the Motion, Plaintiff respectfully requests that this Court will remand this case and require the Defendant to pay just costs and any actual expenses, and attorney fees, incurred by the Plaintiff as a result of the improper removal, *or, in the alternative*, Plaintiff requests that the Court will enter an appropriate Order barring the Defendant from removing this State Court Action in the future.

Respectfully submitted,

April 12, 2023

_____
Joe Johnson
Post Office Box 441572
Fort Washington, MD 20749

3

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of April, 2023, I caused the foregoing Reply Brief in Support of Motion to Remand to State Court to be electronically filed with the Clerk of the U.S. District Court of Maryland using the CM/ECF system. I further certify that all participants in this case are registered CM/ECF users and that service of this filing will be accomplished by the CM/ECF system.

_____
Joe Johnson

4