IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOE JOHNSON                        :

                                  :

    v.                             :   Civil Action No. DKC 23-702

                                  :

WESTLAKE SERVICES, LLC             :

                                  :

**MEMORANDUM OPINION**

Defendant, Westlake Services, LLC, removed this action from the Circuit Court for Prince George's County on March 14, 2023, asserting that diversity of citizenship confers jurisdiction on this court. (ECF No. 1). Defendant grounded the removal on Plaintiff's second amended complaint filed in the state court on February 27, 2023, that specified that he is seeking compensatory damages of $30,000 plus "punitive damages in an amount to be determined at trial."

Plaintiff moved to remand contending that the removal was untimely, that Defendant waived the right to remove, that the removal notice is defective, and that this court lacks federal diversity removal jurisdiction. (ECF Nos. 12-4, 12-5). Specifically, Plaintiff noted that Defendant's removal papers omitted the citizenship of its members and that the minimum amount in controversy had not been met. The motion also sought payment

of "just costs and any actual expenses, including attorney fees, incurred as a result of removal" pursuant to 28 U.S.C. § 1447(c).

As in any case removed to this court, Standing Order 2021-13 requires removing parties to serve a statement providing information to expedite review of removal actions, including the citizenship of all members for any entity that is not a corporation.  (ECF No. 8). Defendant's response to this court's Standing Order 2021-13 was due fourteen days after removal, or by March 28, 2023.

Defendant did not respond to the Standing Order or to Plaintiff's motion to remand and, on April 11, 2023, the court issued a paperless notice directing Defendant to respond to Standing Order 2021-13 and either to respond to Plaintiff's motion to remand or advise the court if no response would be filed.  (ECF No. 15).  Without answering this court's Standing Order 2021-13, Defendant filed a response to Plaintiff's motion to remand, consenting to the remand of this case to the Circuit Court for Prince George's County, Maryland. (ECF No. 16). Defendant's response also indicated that it "does not, however, concede Plaintiff's other arguments in his Motion to Remand and provides its consent strictly due to Plaintiff's representation regarding his alleged damages."  Plaintiff promptly filed a reply,

2

reiterating his requests for costs and attorney fees but providing no specifics or support for his request. (ECF No. 17).

Under 28 U.S.C. § 1441(a), a "civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed by the defendant or the defendants." Federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship must exist to satisfy § 1332's diversity requirement.

> As the Fourth Circuit has explained, "The burden of establishing federal jurisdiction is placed upon the party seeking removal ... Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction ... If federal jurisdiction is doubtful, a remand is necessary." *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994) (citations omitted). Nevertheless, because the decision to remand is largely unreviewable, district courts should be cautious about denying defendants access to a federal forum. *See Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 988 F. Supp. 913, 914–15 (D.Md. 1997).

*Jarrett v. Home Depot U.S.A., Inc.*, No. 1:21-CV-01514-SAG, 2021 WL 3288361, at *2 (D.Md. Aug. 2, 2021), *reconsideration denied*, No. CV SAG-21-1514, 2021 WL 4264821 (D.Md. Sept. 20, 2021).

3

Defendant is ready to concede, in light of Plaintiff's litigating position in this court, that the amount in controversy is not (and never has been) satisfied and agrees to remand. While, ordinarily, a federal court may not remand a case merely because the parties consent, *Batista v. Pa. Real Estate Inv. Trust*, No. DKC 22-1973, 2022 WL 17850121, at * 1 (D.Md. Dec. 22, 2022), here there remain significant questions whether diversity removal jurisdiction exists. Defendant has not complied with its obligations to provide the requisite information to enable that decision to be made with regard to its citizenship, and the parties now seem to agree that the amount in controversy is not satisfied. Accordingly, the case will be remanded to the Circuit Court for Prince George's County.

Under 28 U.S.C. § 1447(c), a remand order may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal. The standard turns on reasonableness of the removal: "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). It is not necessary to determine whether an

4

objectively reasonable basis existed because Plaintiff is proceeding pro se and has not incurred actual attorney's fees. *Young v. Stirling*, No. 922CV02249SALMHC, 2022 WL 18956672, at *5 (D.S.C. Aug. 24, 2022), *report and recommendation adopted*, No. 9:22-CV-02249-SAL, 2023 WL 1990437 (D.S.C. Feb. 14, 2023); *Sanders v. Wells Fargo Home Mortg., a division of Wells Fargo Bank, N.A.*, No. 3:12-CV-1238-TJC-MCR, 2013 WL 12164681, at *2 (M.D. Fla. July 8, 2013), *report and recommendation adopted sub nom. Sanders v. Wells Fargo Home Mortg.*, No. 3:12-CV-1238-J-32MCR, 2013 WL 12164703 (M.D. Fla. Aug. 5, 2013); *Newman & Cahn, LLP. v. Sharp*, 388 F. Supp. 2d 115, 119 (E.D.N.Y. 2005); *Ezra v. BWIA Int'l Airways, Ltd.*, No. 00-CV-2504 (JG), 2000 WL 1364354, at *1-2 (E.D.N.Y. Sept. 8, 2000).  Nor has he identified any recoverable costs or other expenses and, assuming the normal definition of costs applies, there appear to be none.

A separate order will be entered, granting the motion to remand but denying costs and expenses, and remanding the case to the Circuit Court for Prince George's County.

```
_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
```